IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FEB 2 9 2008

Patrick Marcel Davis,                )
    Petitioner,                      )
                        )
v.                                   )          1:07cv562 (GBL/TRJ)
                        )
Gene Johnson,                        )
    Respondent.                      )

## MEMORANDUM OPINION

THIS MATTER is before the Court on respondent's motion to dismiss Patrick Marcel

Davis' pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case

concerns Davis' challenge to the validity of his 2004 convictions in the Circuit Court for the

City of Norfolk, Virginia for robbery, use of a firearm in the commission of that robbery,

abduction with intent to extort money, use of a firearm the commission of that abduction,

malicious wounding of a police animal and possession of a firearm by a convicted felon. Davis

claims that (1) the trial court erred in overruling his motion filed pursuant to Batson v. Kentucky,

476 U.S. 79 (1986) regarding the Commonwealth's peremptory strike of juror Rita Askew; (2)

the abduction conviction violates (a) the Double Jeopardy protections bestowed by and (b) the

Due Process Clause of the Fourteenth Amendment; (3) and trial counsel was ineffective for (a)

failing to investigate all "plausible lines of defense," including a failure to request a firearms

expert, a failure to obtain medical records for use at trial, a failure to subpoena and call as a

witness a female friend, and a failure to cross-examine the victim using the victim's initial

statement to police, and (b) for failing to hire an expert to rebut the Commonwealth's experts at

trial, failing to interview "critical fact witnesses" and failing to put the Commonwealth's case

through meaningful    adversarial testing.  The issues before the Court are (1) whether Davis properly presented the claims raised in the instant federal petition to the Supreme Court of Virginia and (2) with respect to those claims that were properly presented to the Supreme Court of Virginia, whether the result reached by that court was either contrary to, or involved an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.  The Court concludes that (1) it is barred from reviewing claim 2(a) and portions of claims 3(a) and 3(b) because they were not properly presented to the Supreme Court of Virginia. The Court concludes further that claims 1, 2(b), and the properly presented portions of claims 3(a) and 3(b) must be dismissed because the decision of the Supreme Court of Virginia was respect to those claims was not contrary to, nor based on an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts.

## I. BACKGROUND

In the early morning hours of August 23, 3002, Henry Chatman was leaving an apartment building and walking to his car when a gun was put to his head.  See Davis v. Commonwealth, R. No. 0850-04-1, slip op. at 4 (Va. Ct. App. Oct. 6, 2004); See Tr. Trans. dated Jan. 8, 2004, Vol. 1 at 99, 101-02, 123.  The gunman ordered Chatman to empty his pockets, and Chatman put his cell phone, car keys and $200.00 in cash on the ground.  Tr. Trans. Dated Jan. 8, 2004 at 100, 103.  The gunman ordered Chatman to get on his knees and Chatman testified that Davis began searching Chatman's car.  Id. at 100, 105, 107.  Chatman was ordered by the gunman to get under the car, where he remained for approximately ten minutes.  Id.  at 100.

Police officers Losee, Dangle and Nowell responded to a telephone call reporting a robbery in progress.  Id. at  67, 123, 177.  Losee and Nowell were both K-9 officers, and each had

2

a police dog. Id. at 65, 183. As Losee and Dangle emerged from the back of the apartment building, they identified plaintiff's co-defendant, who began to run away. Id. at 68. The co-defendant met Davis and both men began to run towards the front of the apartment building and out onto the street. Id. Nowell took over the chase and warned the two to stop running or he would release his dog. Id. at 69, 182. Nowell gave his dog the apprehension command and the dog pursued Davis and eventually began biting his leg, causing him to fall out of the car into which his co-defendant had successfully placed himself. Id. at 185-86. After falling from the car, the police dog began jumping on Davis with his front paws. Id. at 187. Nowell testified that he heard a muffled shot and saw the dog run up the avenue. Id. The dog later collapsed and died. Id. at 188.

Nowell testified that he then crossed the street and observed a gun in Davis' hand. Id. Nowell drew his weapon and began to fire shots at Davis, who continued to back away, eventually falling on his knees. Id. at 191-92. Losee then released his dog, who bit Davis in the shoulder, at which point Davis threw a gun, cell phone and clip to the curb. Id. at 85, 193. Davis was then arrested and taken into custody.

Following a jury trial on January 8-9, 2004 in the Circuit Court for the City of Norfolk, Virginia, Davis was convicted of robbery, use of a firearm in the commission of that robbery, abduction with intent to extort money, use of a firearm in the commission of that abduction, malicious wounding of a police animal, and possession of a firearm by a convicted felon. On April 2, 2004, the trial court sentenced Davis to 49 years of imprisonment with 10 years of the abduction sentence suspended. Sentencing Order dated April 13, 2004. Davis pursued a direct appeal to the Court of Appeals of Virginia, challenging (1) the trial court's denial of his Batson

3

motion concerning juror Askew, (2) the admission into evidence of the transcript of the incident

history and testimony relating thereto; (3) the admission into evidence of more than one of his

prior felony convictions; (4) the admission into evidence of certain photographs; 5) the trial

court's finding that the detention of the victim was separate and apart from the robbery of the

victim; and (6) the trial court's refusal at sentencing to consider the sentence imposed on and the

plea agreement reached with his co-defendant. Davis, R. No. 0850-04-1, slip op. at 1-5; Pet. For

Appeal dated Jun. 28, 2004. On October 6, 2004, the Court of Appeals of Virginia denied the

petition for appeal. Davis, R. No. 0850-04-1, slip op. at 1. Davis then moved for consideration

by a three-judge panel of the Court of Appeals of Virginia, and on February 16, 2005, his request

was denied. Davis v. Commonwealth, R. No. 0850-04-1, slip op. (Va. Ct. App. Feb. 16, 2005).

Davis appealed to the Supreme Court of Virginia, raising the same six claims presented to the

Court of Appeals of Virginia. Pet. for Appeal dated Mar. 18, 2005. On June 24, 2005, the

Supreme Court of Virginia refused the petition for appeal. Davis v. Commonwealth, R. No.

050588 (Va. June 24, 2005).

   Davis then filed a petition for a writ of habeas corpus in the Circuit Court for the City of

Norfolk on February 17, 2006, (1) claiming that the trial court erred in finding a detention

substantially separate and apart from the robbery to support a separate abduction conviction; (2)

that the trial court erred (a) by allowing into evidence testimony inconsistent with petitioner's

guilt and (b) by allowing into evidence Nowell's testimony concerning his firearms report; (3)

that the trial court erred in overruling petitioner's Batson motion concerning juror Askew; (4)

that the trial court erred in (a) allowing "improper" and "insufficient" evidence into the record,

denying Davis a fair trial, (b) allowing the jury to view Davis's entire criminal record before he

4

testified, and (c) excluding evidence of the co-defendant's punishment at the sentencing hearing;

(5) raising 12 challenges to the effectiveness of counsel; and that (6) the evidence was

insufficient to support his conviction. Pet. dated Feb. 17, 2006. The trial court dismissed the

petition on June 1, 2006. Davis v. Director of the Dep't of Corr., No. L-06-894, slip op. (Cir. Ct.

June 1, 2006). Davis appealed to the Supreme Court of Virginia, and by Order dated December

6, 2006, that court refused the petition for appeal. Davis v. Director of the Dep't of Corr., R. No.

061476, slip op. (Va. Dec. 6, 2006). Petitioner filed the instant federal petition on May 22, 2007.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must

determine whether the petitioner has exhausted his claims before the appropriate state courts and

whether those claims are barred by a procedural default. As a general rule, a petitioner must first

exhaust his claims in state court because exhaustion is a matter of comity to the state courts;

failure to exhaust requires dismissal from federal court so that the petitioner may present his

claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134

(1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion

requirement, a state prisoner "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the

same factual and legal claims raised in the instant petition to the Supreme Court of Virginia

either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a

circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th

Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that in

5

order for a claim to be considered exhausted, it must be " ' fairly presented' to the state courts,"

meaning that "both the operative facts and the 'controlling legal principles' "must be presented to

the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996

F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in

federal court ... [are] the same as those advanced at least once to the highest state court.").

 This does not end the exhaustion analysis because "[a] claim that has not been presented

to the highest state court nevertheless may be treated as exhausted if it is clear that the claim

would be procedurally barred under state law if the petitioner attempted to present it to the state

court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518

U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion

provides an independent and adequate state-law ground for the conviction and sentence, and thus

prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

 Furthermore, federal courts may not review barred claims absent a showing of cause and

prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489

U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of

effective assistance of counsel, (2) a factor external to the defense which impeded compliance

with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54;

Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-

42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of

cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171

(1996).

 Respondent asserts that claim 1 is exhausted, having been properly presented to the

6

Supreme Court of Virginia on direct appeal and in his state habeas petition. The Court concurs with respondent's assertion and finds that claim 1 is properly exhausted, having been fairly presented to the Supreme Court of Virginia in Davis' direct appeal and state habeas petition. As to claims 2(a) and 2(b), respondent contends that the focus of Davis' argument in state court concerned the sufficiency of the evidence supporting the abduction conviction. Brief in Supp. of Mot. to Dismiss at 14. It is petitioner's burden to prove that the instant federal claims are exhausted, Matthews, 105 F.3d at 911, and the exhaustion requirement is not satisfied unless petitioner "fairly presents" the federal issue for resolution to the state court. See Picard, 404 U.S. at 275. In Malloy v. Smith, the Fourth Circuit held that the test for exhaustion is not one of simple notice and that "a habeas petitioner cannot simply apprize the state court of the facts underlying a claimed constitutional violation, [but] must also explain how those alleged events establish a violation of his constitutional rights." 27 F.3d 991, 994 (4th Cir. 1994).

Claim 2 concerns Davis' challenges to the abduction conviction. In claim 2(a), Davis contends that the abduction conviction violates the Double Jeopardy protections bestowed by Fourteenth Amendment and in claim 2(b), he contends that the conviction violates the Due Process Clause of the Fourteenth Amendment. Specifically, Davis argues that the actions relied upon by the Commonwealth to support the abduction conviction were not separate and apart from those necessary to restrain the victim to accomplish the robbery. On direct appeal, Davis raised a claim challenging the sufficiency of the evidence to sustain the abduction conviction in addition to the robbery conviction. At no point, however, either during the direct appeal or in his petition for a writ of habeas corpus, did Davis argue to the state courts that the abduction conviction was in violation of the Double Jeopardy Clause. See Malloy, 27 F.3d at 994.

7

Therefore, because Davis did not "fairly present" his double jeopardy challenge to the Supreme Court of Virginia, claim 2(a) is unexhausted.  Moreover, claim 2(a) is now treated as procedurally defaulted under Virginia Code § 8.01-654(A)(2), which provides a statute of limitations for state habeas petitions, and Virginia Code § 8.01-654(B)(2), which prohibits successive petitions.  As such, claim 2(a) is simultaneously exhausted and defaulted for purposes of federal habeas review.  See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).  Davis has not alleged cause and prejudice sufficient to excuse his default of the double jeopardy challenge, nor has he shown that a miscarriage of justice would result from a lack of review.  As a result, the Court will not consider claim 2(a).

Claims 3(a) and 3(b) concern Davis' challenges the effectiveness of his counsel's assistance.  In claim 3(a), Davis contends that counsel was ineffective for failing to investigate all "plausible lines of defense," including a failure to request a firearms expert to assist the defense, a failure to timely obtain medical records for use at trial, a failure to subpoena and call as a witness a female friend who lived in the apartment, and a failure to cross-examine the victim, using the victim's initial statement to police.  In claim 3(b), Davis contends that counsel was ineffective for failing to ask the court for funds to hire an expert to rebut the Commonwealth's experts at trial, for failing to interview "critical fact" witnesses, and for failing to put the Commonwealth's case through "meaningful" adversarial testing.  A review of Davis' state habeas petition and subsequent appeal reveals that he never raised a claim that counsel was ineffective for failing to cross-examine the victim using the victim's initial statement to police. Moreover, although Davis claimed that counsel was ineffective for failing to ask for forensic testing of his clothing to establish that he was not close enough to the police animal for any

blood, hair or bone fragments to collect on his clothing, he did not raise a claim that counsel was ineffective for failing to ask for funds to hire experts to refute the Commonwealth's experts. Finally, with the exception of his claim concerning counsel's failure with respect to the female friend, Davis did not raise a claim in his state habeas that counsel was ineffective for failing to interview "critical fact" witnesses. As such, the Court finds that these portions of claims 3(a) and 3(b) are unexhausted. Such claims are treated, however, as exhausted and simultaneously defaulted, pursuant to Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2). As Davis has not alleged cause and prejudice to excuse their procedural default, the Court will not consider them. See Bassette, supra. Claims 1, 2(b) and the remaining portions of claims 3(a) and 3(b) were properly exhausted in state court and will be reviewed on the merits.

### III. DISCUSSION

#### A. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application"

clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

**B. Analysis**

1. Batson Challenge

In claim 1, Davis, who discloses that he is African-American, contends that the trial court erred in overruling his motion, filed pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), challenging the Commonwealth's use of a preemptory strike against juror Rita Askew. In Batson v. Kentucky, the Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment forbids a prosecuting attorney from challenging potential jurors solely on the basis of their race or on the assumption that black jurors, as a group, will be unable to consider impartially the prosecution's case against a black defendant. 476 U.S. at 89. To establish a prima facie case of discrimination under Batson, a criminal defendant must show (1) that he is a member of a distinct racial group, (2) that the prosecuting attorney used challenges to remove from the venire pool members of the defendant's race and (3) that other facts and circumstances surrounding the proceeding raise an inference that the prosecuting attorney discriminated in his selection of the venire jury pool. Id. at 95; see Keel v. French, 162 F.3d 263, 271 (4th Cir. 1998).

Once a defendant establishes his prima facie case, the burden shifts to the prosecution to advance

a "race-neutral" reason for the use of preemptory strikes against the jurors at issue. Batson, 476

U.S. at 97. The prosecutor's explanation "need not be 'persuasive, or even plausible,' so long as

it is neutral." Matthews, 105 F.3d at 917 (quoting Purkett v. Elem, 514 U.S. 765, 768 (1995)).

The trial court must then determine whether the challenges exercised were exercised for a

racially discriminatory reason. Batson, 476 U.S. at 97. The trial court's factual determination,

see Hernandez v. New York, 500 U.S. 352, 364 (1991), is presumed to be correct in a federal

habeas proceeding. 28 U.S.C. § 2254(e)(1). Accordingly, to prevail on claim 1, Davis must

show, by clear and convincing evidence, that the trial court erred in finding as race-neutral the

Commonwealth's Attorney's explanation for the use of the preemptory strike against juror

Askew. See Evans v. Smith, 220 F.3d 306, 313-16 (4th Cir. 2000); Chandler v. Greene, No. 97-

27, 1998 WL 279344, at * 5 (4th Cir. May 20, 1998) (citing Hernandez, 500 U.S. at 364).

At trial, after Davis challenged the Commonwealth's use of a preemptory strike against

juror Askew, the Commonwealth's Attorney explained that she struck Askew because she

provided only a post office box number for an address and that the Commonwealth's Attorney

believed that she did not have enough information about this particular juror. Void Dire Trans. at

21. The trial court ruled that the Commonwealth had met its burden to show that its reason for

striking Askew was race-neutral and overruled Davis' challenge. Id. at 23. On direct appeal, the

Court of Appeals of Virginia rejected claim 1. See Davis, R. No. 0850-04-1, slip op. at 1-2.

Noting that the trial court was in a "unique position to observe and evaluate the prosecutor's state

of mind based on demeanor and credibility in the context of the case then before [it,]" and citing

the absence of any evidence to suggest that the Commonwealth's Attorney's explanation was a

pretext for removing Askew because of her race, the Court of Appeals of Virginia upheld the trial court's ruling. Id. at 1. The three-judge panel of the Court of Appeals of Virginia and the Supreme Court of Virginia refused Davis' requests for rehearing and for a petition for appeal with respect to claim 1 without explanation. Davis, R. No. 0850-04-1, slip op.; Davis, R. No. 050588. Accordingly, this Court must infer that the Supreme Court of Virginia's dismissal was for the same reason as offered by the Court of Appeals of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In the instant petition, Davis argues that the Commonwealth's Attorney could have asked juror Askew additional questions during the voir dire to address her concerns about Askew's listing of the post office box address or "any other information [the Commonwealth's Attorney] felt was lacking." According to Davis, the Commonwealth's Attorney's failure to ask such additional questions demonstrates that the reason proffered for exercising the preemptory strike against juror Askew was pretextual. This argument lacks merit. Batson requires only that explanations be race-neutral, clear, and reasonably specific. See Evans, 220 F.3d at 314.[1] In this case, the Commonwealth's Attorney explained that the struck juror Askew because she provided only a post office box number for an address and because the Commonwealth's Attorney felt that she did not have enough information about the juror. See Davis, R. No. 0850-04-1, slip op. at 1-2. The record makes clear the trial court found the Commonwealth's Attorney's explanation was satisfactory as to this juror. Moreover, the Court of Appeals of Virginia, a three-judge panel of that court, and the Supreme Court of Virginia found no merit in Davis' claim on direct appeal.

---

[1] The Fourth Circuit has refused to impose "stringent [and] detailed" requirements as to how trial courts are to implement Batson. Evans, 330 F.3d at 314.

<u>Davis</u>, R. No. 0850-04-1, slip op.; <u>Davis</u>, R. No. 050588. Davis provides no evidence, much less

clear and convincing evidence, that would suggest that the Commonwealth's Attorney's

explanation for the use of the strike was pretextual. Accordingly, he has failed to overcome the

presumption of correctness that attaches to the trial court's findings. 28 U.S.C. § 2254(e)(1).

Therefore, because the state court properly denied Davis' <u>Batson</u> challenge as to juror Askew, the

state court's adjudication with respect to this claim was neither contrary to, nor an unreasonable

application of, clearly established federal law, and claim 1 will be dismissed.

    2. <u>Sufficiency of the Evidence</u>

    In claim 2(b), petitioner contends that the evidence was insufficient to support his

conviction for both abduction and robbery. The federal standard for a claim challenging the

sufficiency of the evidence supporting a conviction is governed by the Supreme Court's holding

in <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Under the <u>Jackson</u> standard, "a court must

determine 'whether, after viewing the evidence in the light most favorable to the

[Commonwealth], any rational trier of fact could have found the essential elements ... beyond a

reasonable doubt.'" <u>Roach v. Angelone</u>, 176 F.3d 210, 218 (4th Cir. 1999) (quoting <u>Jackson</u>,

443 U.S. at 319). The Court of Appeals of Virginia rejected claim 2(b) on direct appeal, holding

that:

> A defendant may be convicted of abduction in addition to "another crime involving
> restraint of the victim, both growing out of a continuing course of conduct, ... only
> when the detention committed in the act of abduction is separate and apart from, and
> not merely incidental to, the restraint employed in the commission of the other crime.
>
> [In the instant case,] [t]he victim was leaving an apartment building and was walking
> to his parked car when someone put a gun to his head. The gunman ordered the
> victim to get on his knees. The victim testified that [Davis] started searching through
> the victim's car and one of the men ordered the victim to get under the car. The

victim remained under the car until police arrived. The act of detaining the victim and order him to get under the car was separate and apart from the robbery. Furthermore, this act was not inherent in or necessary to complete the robbery. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed abduction.

Davis, R. No. 0850-04-1, slip op. at 4. The reasoning of the Court of Appeals of Virginia is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst, 501 U.S. at 803.

This Court concludes that the evidence was sufficient to support petitioner's conviction the robbery. In Virginia, robbery is the "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Jones v. Commonwealth, 1 S.E.2d 300, 301 (Va. 1939); see Branch v. Commonwealth, 300 S.E.2d 758, 759 (Va. 1983). The "principal elements" of such crime "are the taking, the intent to steal, and the violence (or intimidation)." Branch, 300 S.E.2d at 759. Moreover, as all present at the robbery, "rendering it countenance and encouragement" may be liable as principal actors, the accused need not have taken anything from the victim with his own hands. Id. at 759 & n.1. In this case, the jury had before it evidence that a gun was placed behind Chatman's head and that he was ordered to empty his pockets and place his cash, cell phone and car keys on the ground. Viewing this evidence in the light most favorable to the Commonwealth, this Court concludes that a rational trier of fact could have found a complete robbery on the basis of this evidence alone.

Moreover, after Chatman was robbed, the evidence showed that petitioner began searching through the car and that Chatman was ordered to get under the car. In Virginia, abduction occurs when a person, "by force, intimidation or deception, and without legal

14

justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of [his] personal liberty." Va. Code § 18.2-47. As noted by the Supreme Court of Virginia, an abduction generally inheres in a robbery, <u>Scott v. Commonwealth</u>, 323 S.E.2d 572, 576 (Va. 1984), and in order to be punishable as a separate offense, the "detention" element in an abduction must be "separate and apart from, and not merely incidental to, the restraint employed in the commission of [another] crime." <u>Brown v. Commonwealth</u>, 337 S.E.2d 711,713-14 (Va. 1985). In order for the abduction to be committed with the intent to extort money, the abduction must be made either with an intent to extort money or with an intent to benefit one's self pecuniarily. <u>Krummert v. Commonwealth</u>, 43 S.E.2d 831, 832 (Va. 1947). Pecuniary benefits include everything that can be valued in money. <u>Id.</u> at 832. Given that the jury had before it evidence that, after the robbery was complete, Chatman was detained under the car while Davis was searching through the glove compartment, the Court concludes that the evidence was sufficient for a rational trier of fact to convict for an abduction separate and apart from the already-completed robbery. Therefore, the state court's rejection of claim 2 (b) was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, and claim 2(b) will be dismissed.

### 3. Ineffective Assistance of Counsel

Claims 3(a) and 3(b) concern Davis' challenges to the effectiveness of his trial counsel's assistance. To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," <u>Strickland v. Washington</u>, 466

U.S. 668, 690 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993). Moreover, a court need not review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 3(a), Davis contends that counsel was ineffective for failing to investigate all "plausible" lines of defense. Specifically, Davis claims that counsel failed to request a firearms expert to assist in his defense, failed to obtain timely his medical records for use at trial and failed to subpoena and call as a defense witness a female friend who lived in the apartment complex. On state habeas, the circuit court rejected claim 3(a). Davis, No. L-06-894, slip op. at 4-5. As to Davis' allegations concerning the firearms expert, the trial court found that counsel was not ineffective because no expert or documentary evidence was introduced at trial tying Davis to the weapon. Id. at 4. Further, the court found that Davis both failed to suggest how such testimony

16

would have assisted in his defense and to proffer the testimony that such an expert would have presented on his behalf. Finding this latter omission "fatal" to his claim of ineffective assistance of counsel, the state habeas court found that Davis had not demonstrated the "prejudice" prong of the Strickland two-part test with respect to his allegations concerning counsel's failure to request a firearms expert. Id. at 5. As to Davis' allegations concerning the medical records, the circuit court found that he had failed to suggest how such records would have assisted in his defense. Accordingly, the court concluded that Davis had failed to establish prejudice from counsel's failure to obtain such records. Id. Finally, as to Davis' allegations concerning counsel's failure to subpoena and call as a defense witness a female friend who lived at the apartment complex, the state habeas court found that Davis was given the opportunity at trial inform the trial court if his witnesses were present and if he was ready for trial. Id. at 10-11. Davis told the court that he only wanted his incarcerated co-defendant to testify. Id. Davis only expressed his desire to have the co-defendant testify and advised the trial court that he was both ready for trial and that he was satisfied with the services of his attorney.[2] In rejecting this portion of claim 3(a), the state habeas court noted that a habeas petitioner is bound by his statements at trial and, furthermore, that Davis had failed to proffer any statement or affidavit from the female friend reciting what testimony she would have offered. Id. at 11. Finding this omission "fatal" to Davis' claim of ineffective assistance of counsel, the state habeas court dismissed claim 3(a).

Likewise, in the instant federal petition, Davis has failed to satisfy both prongs of the Strickland two-part test for each of the allegations raised in claim 3(a). Davis fails to show how

---

[2] Counsel advised the trial court of his ultimately unsuccessful efforts to contact the female friend. See Davis, No. L-06-894, slip op. at 10. However, when asked by the trial court, petitioner indicated that he was ready to proceed to trial. Id. at 11.

counsel failed to render "professionally competent assistance," <u>Strickland</u>, 466 U.S. at 690, by not calling a firearms expert when no expert or documentary evidence tied Davis to the gun, by not procuring unspecified medical records and by not subpoenaing and calling as a witness the female friend after Davis indicated that he only wanted his co-defendant to testify. Additionally, Davis has failed to suggest what testimony the firearms expert and female friend would have offered had they been called as witnesses, and utterly fails to show how the result of his trial would have been different had these witnesses testified and the unspecified medical records been introduced into evidence. <u>See id.</u> at 694. As such, Davis has failed to satisfy both prongs of the <u>Strickland</u> inquiry for the allegations raised in claim 3(a). Accordingly, the state court's dismissal of claim 3(a) was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts.

In claim 3(b), Davis contends that counsel was ineffective for failing to interview "critical fact witnesses" and failing to put the Commonwealth's case through meaningful adversarial testing. As discussed above, with the except of his ineffectiveness claim concerning counsel's failure to subpoena and call the female friend, Davis failed to raise a claim on state habeas that counsel was ineffective for failing to interview any other, unspecified "critical fact" witnesses. Moreover, to the extent that Davis is alleging in this portion of claim 3(b) that counsel was ineffective for failing to interview the female friend, this claim is rejected for the reasons stated above. As to Davis' contention that counsel was ineffective for failing to subject the Commonwealth's case to "meaningful" adversarial testing, Davis has utterly failed to satisfy either prong of the <u>Strickland</u> two-part test for this portion of claim 3(b). Davis fails to suggest what omissions counsel made amounting to a failure to subject the Commonwealth's case to

"meaningful" adversarial testing and what actions counsel could or should have taken to perform such testing. Moreover, he utterly fails to show how the outcome of the trial would have differed had counsel taken the unspecified acts to put the Commonwealth's case through "meaningful" adversarial testing. Accordingly, the state court's rejection of claim 3(b) was neither contrary to, nor an unreasonable application of, clearly established federal law and claim 3(b) will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, respondent's Motion to Dismiss will be granted and Davis' petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 29t day of Febra            2008.


_____/s/_____
Gerald Bruce Lee
Alexandria, Virginia                          United States District Judge


19